Douglas G. Boven (SBN 47493)
Email: dboven@reedsmith.com
Karen A. Braje (SBN 193900)
Email: kbraje@reedsmith.com
Christopher O. Rivas (SBN 238765)
Email: crivas@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Party in Intervention
Unocal Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, L.L.C.,<br><br>Plaintiff,<br><br>vs.<br><br>DEMOCRATIC REPUBLIC OF CONGO (FORMERLY REPUBLIC OF ZAIRE); SOCIETE NATIONALE D'ELECTRICITE; DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | No.: cv-04-9816 CBM (VBKx)<br><br>**DECLARATION OF PHILIP NORBY IN SUPPORT OF PARTY IN INTERVENTION UNOCAL CORPORATION'S MOTION FOR JUDGMENT QUASHING AND DISSOLVING NOTICE OF LEVY AND WRIT OF EXECUTION, VACATING ASSIGNMENT ORDER AND ASSIGNMENT, DETERMINING THAT THE PROPERTY AGAINST WHICH PLAINTIFF SEEKS TO ENFORCE ITS JUDGMENT(S) DOES NOT FALL WITHIN THE "COMMERCIAL ACTIVITY" EXCEPTION TO FOREIGN SOVEREIGN IMMUNITY AND IS NOT SUBJECT TO EXECUTION IN THE UNITED STATES, DISMISSING THE ACTION AND VACATING THE SANCTIONS AWARD**<br><br>**Date:** January 10, 2011<br>**Time:** 10:00 a.m.<br>Honorable Consuelo B. Marshall<br><br>Attached Documents<br>Notice of Motion and Motion<br>Memorandum of Points and Authorities<br>Declaration of Joey Przybilla<br>Declaration of Douglas G. Boven<br>Request for Judicial Notice<br>Appendix of Exhibits |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I, PHILIP NORBY, declare as follows:

1.      I am currently employed as the Non-Operated Joint Ventures Advisor for Chevron Global Upstream and Gas ("Chevron").  I make this declaration in support of Unocal Corporation's Motion for Judgment Quashing and Dissolving Notice of Levy and Writ of Execution, Vacating Assignment Order and Assignment, Determining That the Property Against Which Plaintiff Seeks to Enforce Its Judgment(s) Does Not Fall Within The "Commercial Activity" Exception to Foreign Sovereign Immunity and Is Not Subject to Execution in the United States, Dismissing the Action and Vacating the Sanctions Award ("Unocal's Motion for Judgment").  I have personal knowledge of the facts set forth below and, if called to testify, could and would do so competently.

2.      Prior to assuming my current position, I was the Partner Operated Ventures Manager, West Africa, for Union Oil Company of California ("Union Oil"). Union Oil was then a subsidiary of Unocal Corporation ("Unocal").  Chevron acquired Unocal on or about April 4, 2005, at which time I assumed my position with Chevron.

3.      As Advisor for the Non-Operated Joint Ventures, and previously as Partner Operated Ventures Manager, West Africa, I have provided a range of consulting services to ODS, Ltd. ("ODS") since its inception.  My services focus on ODS' technical, operational and financial investment needs and the decisions related thereto. My services are charged to ODS.

4.      ODS was incorporated under the laws of Bermuda on December 9, 1999. Unocal Congo (DRC), Ltd. ("Unocal Congo") owns all of the shares of ODS.  Unocal Congo was incorporated under the laws of Bermuda on September 9, 1999.  Unocal

US_ACTIVE-104156687.4

DECLARATION OF PHILIP NORBY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  International Corporation ("UIC"), in turn, owns all of the shares of Unocal Congo. A

2  true and correct copy of the December 9, 1999 Certificate of Incorporation of ODS is

3  attached to the Unocal Appendix Of Exhibits ("Appendix") filed herewith as **Exhibit**

4  **9**.

5

6       5.    ODS has its own Board of Directors which holds regular meetings. As of

7  2005 (the date of the enforcement activities at issue in this case), ODS had its own

8  bank accounts, which to the best of my knowledge did not hold any assets of Unocal

9  Congo or any other entity.

10

11       6.    ODS is engaged in the off-shore exploration and production of oil in the

12  Democratic Republic of Congo ("Congo"). ODS's business operations in Congo are

13  governed by the Convention of August 9, 1969, Regulating the Exploration and

14  Exploitation of Hydrocarbons in the Maritime Zone of the Democratic Republic of

15  Congo ("Convention" or "Concession Agreement"). The original Convention was

16  executed in Congo in 1969. A true and correct copy of the Convention, including

17  amendments through 2005 (the date of the enforcement activities at issue in this case),

18  in French, is attached to the Appendix filed herewith as **Exhibit 1**.

19

20       7.    A true and correct copy of ODS's English translation of the Convention,

21  including amendments through 2005 (the date of the enforcement activities at issue in

22  this case), is attached to the Appendix filed herewith as **Exhibit 2**.

23

24       8.    I have reviewed and am familiar with the Convention and certain of the

25  documents related to the acquisition of the subject concession interest in Congo. It is

26  my understanding that Congo initially granted certain Congolese companies a

27  concession to explore and produce hydrocarbons off the coast of the Congo pursuant

28  to the Convention. Specifically, Congo assigned all interests and obligations under

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    the Convention to Muanda Oil Company ("Muanda") under a 1970 Farmout

2    Agreement.  Muanda was wholly owned by Cometra Oil Company S.A. ("Cometra"),

3    a company incorporated under the laws of Belgium.  Cometra also partially owned

4    Societe Du Littoral Congolais ("Solico"), an original contracting party under the

5    Convention.  In 1990, Muanda was merged into UIC and UIC succeeded to all of

6    Muanda's interests and obligations under the Convention with Congo.

7

8       9.     A true and correct copy of the Farmout Agreement between Solico and

9    Moanda Oil Company, Inc. ("Moanda"), dated June 19, 1970, pertaining to the

10    transactions described in Paragraph 8 above, is attached to the Appendix filed

11    herewith as **Exhibit 3**.  It is my understanding that Moanda is the same entity as

12    Muanda.

13

14       10.     A true and correct copy of an Option Letter issued by Cometra and dated

15    October 19, 1984, pertaining to the transactions described in Paragraph 8 above, is

16    attached to theAppendix filed herewith as **Exhibit 4**.

17

18       11.     A true and correct copy of an Option Letter issued by UIC and dated

19    March 25, 1985, pertaining to the transactions described in Paragraph 8 above, is

20    attached to the Appendix filed herewith as **Exhibit 5**.

21

22       12.     A true and correct copy of the Merger Documents between Muanda and

23    UIC dated November 26, 1990, pertaining to the transactions described in Paragraph 8

24    above, is attached to the Appendix filed herewith as **Exhibit 6**.

25

26       13.     In September 1999, UIC transferred its interest in the Convention, as a

27    capital contribution, to Unocal Congo.  A true and correct copy of the Contribution

28    and Assignment Agreement between Unocal Congo and UIC dated September 10,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-104156687.4

DECLARATION OF PHILIP NORBY

1   1999, pertaining to the transactions described in Paragraph 8 above, is attached to the

2   Appendix filed herewith as **Exhibit 7**.

3

4       14.     Later in 1999, Unocal Congo transferred the same interest, as a capital

5   contribution, to ODS.  A true and correct copy of the Contribution and Assignment

6   Agreement between Unocal Congo and ODS dated December 15, 1999, is attached to

7   the Unocal Appendix Of Documents filed herewith as **Exhibit 8**.

8

9       15.     The Convention governs the subject oil concession in Congo.  ODS has a

10  small 17.72% interest in the concession.  The other parties to the Convention are: (1)

11  Muanda International Oil Company, Ltd. ("MIOC") (a subsidiary of Perenco), which

12  has a 50% share in the concession and serves as the operator for the concession; and

13  (2) Teikoku Oil (DR Congo) Co., Ltd. ("Teikoku"), which is now owned by Inpex and

14  has a 32.28% share in the concession.

15

16      16.     Under the Convention, oil is pumped from offshore oil platforms and

17  stored in an offshore decommissioned oil tanker.  The operator of the concession, not

18  ODS, determines when ODS can "lift" or take oil from the storage tanker and advises

19  ODS of this decision.  As of 2005 (the date of the enforcement activities at issue in

20  this case), ODS lifted oil approximately three times per year.

21

22      17.     The oil lifted by ODS is sold to a third party purchaser.  Title to the oil

23  passes to the purchaser while the oil is still located in Congo.  As of 2005 (the date of

24  the enforcement activities at issue in this case), the purchaser made payment to ODS

25  for the oil by wire transfer of funds to ODS's bank account in Bangkok, Thailand.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

US_ACTIVE-104156687.4

1    18.    Under the Convention, any payments by ODS to Congo are based upon

2  ODS's income from the sale of oil.  Therefore, ODS does not owe a debt to Congo

3  until the oil is extracted, sold and the income determined.

4

5    19.    ODS pays taxes to Congo for the oil lifted under the Convention.  ODS

6  makes three kinds of tax payments.  First, ODS pays 52% of its distributable income

7  from the sale of oil to the DRC.  ODS refers to this as "HGT" and sometimes calls it

8  "Host Government Tax" or "Host Government Take."  ODS also pays a tax of 40% of

9  its taxable income from production to Congo.  Finally, ODS pays a statistical tax of

10  1% of its revenue from the sale of oil.  As of 2005 (the date of the enforcement

11  activities at issue in this case), these payments were made to Congo in Kinshasa,

12  DRC, from ODS's bank account in Bangkok, Thailand.

13

14    20.    Tax payments for each lifting are due to Congo 60 days after the first day

15  of the month following the month in which a lifting occurs.  Seventy five percent of

16  the estimated taxes are paid within the prescribed period with the balance due paid in

17  March of the following year.

18

19    21.    It is my firm belief and expectation, based on more than 10 years of

20  experience with Congo, that Congo will require ODS to make all payments owed

21  under the terms of the Convention even if a United States Court issues an order

22  requiring ODS to direct one or more of those payments to FG Hemisphere Associates,

23  LLC ("FG") in satisfaction of the judgment(s) at issue in this case.

24

25    22.    As of 2005 (the date of the enforcement activities at issue in this case),

26  ODS's business offices were located in Bangkok, Thailand.  ODS's business offices

27  are currently located in Hamilton, Bermuda; Kinshasa, DRC and Luanda, Angola.  To

28  my knowledge, ODS does not conduct business in California or in the United States.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-104156687.4

1    To my knowledge, ODS does not have a registered agent for service of process in

2    California.

3

4       I declare under penalty of perjury under the laws of the State of California and

5    the United States that the foregoing is true and correct. Executed in Houston Texas,

6    on October 21, 2010.

7

8                               Philip Norby

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-104156687.4